(No. 16201.—Cause transferred.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CATTANI UGO, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*constitutional question must be raised in the trial court to warrant direct review of a misdemeanor.* To give the Supreme Court jurisdiction to review a judgment of conviction of a misdemeanor on the ground of the invalidity of the statute the question must have been in some way presented to the trial court for decision and an exception preserved to the court's ruling.

2. SAME—*motions to quash and in arrest are not, alone, sufficient to raise constitutional question.* Motions to quash the information and in arrest of judgment are not sufficient to raise a constitutional question so as to give the Supreme Court jurisdiction to review a judgment of conviction of a misdemeanor, where in neither of the motions is the court apprised of any claim that a constitutional question is involved or that the validity of a statute is challenged.

WRIT OF ERROR to the County Court of Franklin county; the Hon. S. M. WARD, Judge, presiding.

R. E. SMITH, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROY C. MARTIN, State's Attorney, and GEORGE C. DIXON, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was convicted in the county court of Franklin county, fined, and sentenced to imprisonment at the State farm. The information under which he was convicted contained five counts. The first three charged him with unlawfully selling intoxicating liquor; the fourth charged him with the unlawful possession of intoxicating liquor with intent to sell the same for beverage purposes; and the fifth count charged him with the unlawful keeping and maintaining a common nuisance. He was tried by a jury, found guilty under each count of the information,

and after the court overruled a motion for a new trial and
in arrest he was sentenced to pay a fine of $100 under each
of the four counts and was sentenced to be committed un-
der the fifth count to the Illinois State farm for a period
of one year.  It was further ordered and adjudged by the
court that at the expiration of the sentence to the State
farm, if plaintiff in error had not paid the fine assessed
against him and the costs, he should remain committed to
the State farm until he had worked out the fine and costs
at the rate of $1.50 per day.  This writ of error was sued
out of this court on the claim that the constitutionality of
a statute or statutes is involved.

The constitutional questions sought to be raised are, that
sections 3 and 33 of the Prohibition act provide for pun-
ishment for unlawfully selling intoxicating liquor and also
another penalty for the unlawful possession of the same
liquor, and it is argued this is twice putting a defendant
in jeopardy for the same offense and is unconstitutional;
also, it is asserted the act establishing the State farm is
unconstitutional, in that it contains subjects not embraced
in its title.

It does not appear from the abstract that any constitu-
tional question was raised in the trial court.  We have re-
peatedly held that to give this court jurisdiction to review
a judgment of conviction for a misdemeanor the validity
of the statute must have been in some way presented to the
trial court for decision and an exception preserved to the
court's ruling.  (*People* v. *Pierce,* 296 Ill. 327; *People* v.
*Rawson,* 278 id. 654; *Cummings* v. *People,* 211 id. 392;
*Earll* v. *People,* 73 id. 329.)  The record, as abstracted,
contains no reference to any claim made in the trial court
that the Prohibition act, or any part of it, is unconstitu-
tional.  The first place where any claim of that kind is as-
serted, so far as shown by the abstract, is in the assignment
of errors, which are entitled, "In the Appellate Court of
the State of Illinois, Fourth District, to the October term,

A. D. 1924." This is not disputed by plaintiff in error, but in his reply brief he asserts the motion to quash and in arrest sufficiently raised the constitutional question. In neither of those motions, both of which were in writing, was the court apprised of any claim of plaintiff in error that any constitutional question was involved or that the validity of any statute was challenged.

We are of opinion this writ of error should have been sued out of the Appellate Court for the Fourth District, and the cause will be transferred to that court.

*Cause transferred.*